## LEWIS v. COLGAN, Controller.*

### Sac. No. 164; May 18, 1896.

#### 44 Pac. 1081.

**State Board of Examiners—Power to Appoint Expert.**—Under constitution, article 4, section 32, forbidding the legislature to pay, or to authorize the payment of, any claim made under a contract "not expressly authorized by the law," the appropriation in act of March 28, 1895 (Stats. 1895, p. 280), "for salary of expert to board of examiners," is unavailable for that purpose, there being no express antecedent authority in the board to appoint such expert.

**State Board of Examiners—Power to Appoint Expert.**—The performance of quasi-judicial acts by the state board of examiners in auditing claims does not make such board a judicial body, with implied power to appoint an expert and other necessary assistants at the expense of the state.

**State Board of Examiners—Powers.**—The Several Members of the state board of examiners, which consists of the governor, the Secretary of State, and the attorney general, do not, by virtue of their appointment on such board, carry with them, for exercise therein, the power conferred on them as executive officers, but have only such authority as relates to them as members of the board.

**State Board of Examiners—Salary of Expert.**—Act of March 28, 1895 (Stats. 1895, p. 280), entitled "An act making appropriations for the support of the government," etc., among which is an appropriation "for salary of expert to board of examiners," cannot be con-

————

*For subsequent opinion in bank, see 115 Cal. 529, 47 Pac. 357.

strued as creating the office of expert to such board, since the act would to that extent be unconstitutional, as embracing a subject not expressed in the title.

APPEAL from Superior Court, Sacramento County; A. P. Catlin, Judge.

Mandamus by Thomas A. Lewis to compel Edward P. Colgan, as state controller, to draw his warrant in favor of plaintiff for an amount claimed to be due him as expert to the state board of examiners. A demurrer to the answer was sustained and a peremptory writ granted. Defendant appeals. Reversed.

Devlin & Devlin, Burham & Miller and A. E. Bolton for appellant; R. B. Carpenter for respondent.

SEARLS, C.—Mandamus against the defendant, as controller of the state of California, commanding him to draw his warrant in favor of the plaintiff upon the treasurer of said state for the sum of $166.66⅔, as salary due plaintiff from the said state for services as expert to and for the state board of examiners during the month of July, 1895. An alternative writ of mandate issued to defendant, who demurred to the verified petition, and, upon his demurrer being overruled by the court, answered the petition. Plaintiff moved to strike out the fourth paragraph of defendant's answer, and demurred to the residue thereof. The motion to strike out was granted, and the demurrer sustained, and a peremptory writ granted. Defendant appeals, and the cause comes up on the record illustrated by a bill of exceptions. The substance of the verified petition upon which the writ issued is that "on the twenty-eighth day of June, 1895, plaintiff was employed by the state board of examiners as expert for said board of examiners, at an annual salary of two thousand dollars, payable monthly, and necessary traveling expenses in the business of said employment"; that he entered upon the discharge of the duties of such employment July 1, 1895, and continued to act as expert, etc., during the month of July, whereby there became due him from the state of California the sum of $166.66⅔. The board of examiners duly audited, allowed and approved his claim for said sum of money. The controller, upon demand, refused to draw his

warrant on the state treasurer in favor of the plaintiff therefor. The more formal portions of the petition are here omitted.

The question presented in the whole case practically relates to the duty of the defendant as controller, upon the foregoing facts, to draw his warrant in favor of the petitioner on the state treasurer. The petitioner does not specify any authority on the part of the board of examiners to employ him as an expert, and our attention is not called to any statute or law conferring such authority, unless it is to be found in the statute in relation to appropriations, hereinafter mentioned. The petitioner contents himself with stating as a fact that he "was employed by the state board of examiners as expert," etc. The act making appropriations for the support of the government of the state of California, for the forty-seventh and forty-eighth fiscal years, approved March 28, 1895 (Stats. 1895, p. 280), makes an appropriation as follows: "For salary of expert to board of examiners, four thousand dollars." "For traveling expenses of board of examiners and expert, two thousand dollars." The board of examiners is the creature of the statute, and consists of the governor, the Secretary of State, the attorney general, and the secretary of the board, who is an ex-officio member, and only authorized to act in the absence from the capitol of any two members: Stats. 1893, p. 182; Pol. Code, sec. 364. The law provides for a secretary and assistant secretary for the board, and a clerk: Pol. Code, secs. 654–685. Provision is also made for the appointment by the board of a "printing expert," to examine and report upon the character and value of printing done for the state: Pol. Code, sec. 679. Beyond these provisions we are not aware that the board of examiners is authorized by any positive law to appoint or employ any subordinates, assistants or employees. The duties of the state board of examiners are prescribed by section 654 et seq., article 18, chapter 3, title 1, part 3, Political Code. Among these duties the board is required to examine the books and accounts of the controller and treasurer, to count all moneys in the state treasury, and, under section 672, to audit all claims against the state which are not especially exempted from the provisions of that section, other than claims for official salaries, and claims upon the contingent fund of either house of the legislature.

The contention of appellant is that no office can be created by the general appropriation bill, and that the appropriations named therein can only be expended for some object antecedently authorized. As to the first branch of the proposition, it is sufficient to say that the appropriation bill from which we have quoted does not make any attempt to create an office or agent, or to authorize the appointment by others of any officer or agent, or to employ servants or assistants. · It simply appropriates given sums of money for specific objects therein named, and among them a given amount "for salary of expert to board of examiners." Had the legislature attempted by the appropriation bill to do more than to appropriate money, that portion of it would have been void, because the object was not stated in the title of the act, which is "An act making appropriations for the support of the government of the state of California for the forty-seventh and forty-eighth fiscal years." Section 24 of article 4 of the constitution provides that "every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title." As bearing upon the latter branch of the proposition, viz., that an appropriation can only be expended for some object authorized by law, it is pertinent to say that, under section 31 of article 4 of the constitution, the legislature is deprived of the power to give or lend the credit of the state, "nor shall it have power to make any gift, or authorize the making of any gift, of any public money or thing of value to any individual," etc. Section 32 of the same article provides, so far as applicable here, as follows: "The legislature shall have no power to . . . . pay, or to authorize the payment of, any claim hereafter created against the state, . . . . under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void."

Respondent contends, in substance, that the board of examiners, in auditing and allowing or rejecting claims against the state, acts judicially, and that, as a judicial body, the board has power to appoint such assistants and subordinates as may be necessary to discharge its duties. It has often been held that all independent departments of government are vested with governmental functions, and may, as an incident of the

powers conferred, exercise such incidental powers as are necessary to a due exercise of the express powers conferred. Under this head, it has been held that courts of record, and especially courts of last resort, may, when necessary to the conduct of their business, and where no suitable provision has been made therefor by the other departments of the government, procure suitable places in which to hold court, provide fuel, lights, suitable furniture, appoint necessary janitors, clerks, bailiffs, etc. These authorities are founded upon the principle that no one department of the government can be devested of its power to act by the willful or negligent conduct of the other co-ordinate departments. The board of examiners is not, however, in any proper sense, a judicial body; and were it so, and in the exercise of functions properly belonging to the judicial department of the government, its organization would be void under section 1 of article 3 of the constitution, which provides that the powers of the government "shall be divided into three separate departments; and no person charged with the exercise of powers properly belonging to one of those departments shall exercise any functions appertaining to either of the others, except as in this constitution expressly directed or permitted." The membership of the board of examiners is composed of the highest officers of the executive department of the state. Their exalted position, we may suppose, was regarded as a guaranty of their character, capacity and fitness for the important duties imposed upon them as members of the board. When the board, pursuant to the statute, examines, audits, adjusts, and allows or rejects claims against the state, its acts are so far of a judicial character that their decision as to the facts is conclusive, unless reversed on appeal: Black on Judgments, sec. 532. Like considerations apply to similar acts by boards of supervisors, county commissioners and auditors: Colusa Co. v. De Jarnett, 55 Cal. 373. It would hardly be contended, we think, that the performance of these quasi-judicial acts by local boards of audit, constitutes them judicial bodies and draws to them all the incidental powers of courts of justice. The board of examiners is a creature of the statute, possessing no authority except that conferred upon it by the law of its creation. In its relation to the several departments of the government, it is simply a local board, exercising limited powers, taking to itself nothing of authority not clearly conferred or necessarily implied from

the language of the statute under which it acts, and from which its authority emanates. The several officers composing the board do not, by virtue of their appointment to membership on such board, carry with them, for exercise therein, the powers conferred upon them by the constitution or general laws, but only such as relate to them in their capacity of members of the board. If the board of examiners, by virtue of the duties imposed upon it, may appoint an expert, then, by parity of reasoning, boards of supervisors, county commissioners, auditors and other like bodies and individuals, performing like or similar services, should be entitled to make like appointments. We are of opinion the board of examiners possesses neither the inherent nor delegated power to make such appointment, and that the attempt so to do was in excess of the authority of the board, and void. Under the constitution of this state adopted in 1849, the foregoing conditions might have existed without detracting from the right of the petitioner to the salary appropriated for his benefit. The legislature was not under it, as now, restricted in that respect. As was said in Blanding v. Burr, 13 Cal. 350: "It may appropriate [the public moneys] to claims which have no legal obligation, and are founded only in justice. Of the propriety of the appropriation, as of the expediency of the taxation, it is the sole judge. With the exercise of the power in either case the judiciary cannot interfere." Under section 32 of article 4, supra, of the present constitution, however, it may not appropriate money to pay any claim founded upon any agreement or contract "made without express authority of law, and all such unauthorized agreements or contracts shall be null and void." We think the record shows that the agreement or contract by which petitioner was to serve as an expert to the board of examiners was "made without express authority of law," and hence that the appropriation in payment thereof was in violation of the constitution, and that the demurrer to the petition should have been sustained.

The motion to strike out a portion of defendant's answer was properly granted.

The matter set up in the fourth paragraph was irrelevant matter, not material to the defense.

We recommend that the judgment be reversed and the cause remanded, with directions to the court below to sustain the demurrer to plaintiff's verified petition.

We concur: Belcher, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to sustain the demurrer to plaintiff's verified petition.