[No. 6,526.—Department No. 1.]

## COLUSA COUNTY v. DE JARNETT.

BOARD OF SUPERVISORS—CLAIM AGAINST COUNTY—INJUNCTION.—The Board of Supervisors, in passing upon a claim against the county, act as a *quasi*-judicial body, and their allowance and settlement of the claim is an adjudication, which is conclusive.

APPEAL from a judgment for the defendant, on demurrer to the complaint, in the Tenth District Court, County of Colusa. Keyser, J.

The claim of Dyas (which is attached to the complaint) does not state the date of the services, nor does it appear from the claim itself that the indebtedness accrued within the year be-

fore the presentation of the claim; but it appears, from the allegations of the complaint, that the services were, in fact, rendered within the year. The complaint alleges that the services were rendered under a private contract with the District Attorney, who paid him in full for the same, and that he never was employed by the county; and further alleges, that the District Attorney filed written objections to the claim, and notified the board that he desired to be present when it was passed upon, in order to contest it; but that the board allowed it without hearing any evidence, and without giving the District Attorney an opportunity of contesting it.

The other facts are stated in the opinion.

*Jo. Hamilton,* and *Jackson Hatch,* for Appellant.

The claim of Mr. Dyas is silent as to time when the last item or any part of his account accrued. The claim, therefore, does not show that it was presented within the time required by law. No intendments or presumptions can be indulged in to support the action of a Board of Supervisors. Every fact necessary to confer jurisdiction must affirmatively appear. (*Finch* v. *Tehama County,* 29 Cal. 455; *People* v. *El Dorado County,* 8 id. 61; Pol. Code, § 4072.)

The case comes within the exceptions to the rule, that the allowance of a claim against a county by the Board of Supervisors is conclusive. (*El Dorado County* v. *Elstner,* 18 Cal. 148; 1 Dillon Mun. Corp. § 412; *McKeen* v. *Turney,* Feb. 26th, 1879.) Section 4001 of the Political Code clearly sustains this action, and enjoined upon the District Attorney the duty of instituting it.

*A. L. Hart,* for Respondent.

The allowance of the claim by the board renders the matters set out in the complaint *res adjudicata,* and is conclusive. (*Tilden* v. *Supervisors of Sacramento County,* 41 Cal. 68; *Hornblower* v. *Duden,* 35 id. 664; *El Dorado* v. *Elstner,* 18 id. 144; *Falls* v. *Paine,* 23 id. 302.

By the COURT, (from the Bench):

The action was brought to restrain defendant, as County Auditor of Colusa County, from issuing a warrant in favor of W. G. Dyas, upon a claim in his favor, which had been allowed against the county for legal services rendered by him in behalf of the county, in an action to which it was a party. No contest was made against the claim itself. When the Board of Supervisors of the county allowed it, they acted as a *quasi*-judicial body, and their allowance and settlement was an adjudication of the claim, which is conclusive. (Subd. 12, § 4066, Pol. Code.)

There is nothing in the complaint to authorize the interposition of a Court of Equity, and we are of the opinion that the Court below properly sustained the demurrer to the complaint.

Judgment affirmed.