[15008.  Department One. — May 22, 1893.]

WILLIAM McFARLAND, Respondent, v. HALE McCOWEN, Auditor, etc., Appellant.

Claim against County—Conclusiveness of Allowance by Supervisors—Duty of Auditor—Mandamus.—Where a claim for services, which, if performed, is a legal charge against a county, has been duly presented to the board of supervisors of the county, regularly considered, allowed, and ordered paid, the action of the board is, in the absence of fraud, conclusive, and the auditor cannot lawfully refuse to draw his warrant therefor upon the treasurer upon the ground that such services were never rendered, and he may be compelled by writ of mandate to draw such warrant.

| 98 | 329 |
| 101 | 269 |
| 98 | 329 |
| 110 | 623 |
| 98 | 329 |
| 118 | 365 |
| 118 | 555 |
| 98 | 329 |
| 120 | 441 |
| 98 | 329 |
| 126 | 623 |
| 98 | 329 |
| 129 | 37 |
| 98 | 329 |
| 133 | 284 |
| 98 | 329 |
| 136 | 134 |

Appeal from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*J. G. White,* for Appellant.

*J. A. Cooper,* for Respondent.

Searls, C. — This was an application in the court below by William McFarland, the respondent here, for a writ of mandate to compel appellant, auditor of the county of Mendocino, to issue two warrants to respondent upon the county treasurer for

$149.25 and $244.85, respectively. The respondent was a constable of Mendocino County, and as such presented two claims for fees against the county to the board of supervisors for the above several amounts. The bills or claims presented were itemized accounts for constable fees for arresting criminals under warrants and for serving subpoenas in criminal cases, and so far as appears were regular as to form and duly verified. The board of supervisors allowed the claims, and ordered the auditor, Hale McCowen, the appellant, to draw his warrants on the county treasurer therefor, which he refused to do. Respondent procured an alternative writ of mandate to issue against appellant as such auditor, commanding him to draw his warrants as auditor on the county treasurer for the several amounts specified, and to deliver the same to respondent by a day certain therein named, and failing to do so, that he appear and show cause, if any, etc. Appellant appeared, and for cause showed to the court and averred in substance that none of the warrants or subpoenas were placed in the hands of respondent for service, and that he never served them; denied that his fees amounted to the sums specified, or any sum of money whatever, or that anything was due him. The other allegations of the petition were admitted.

At the hearing the respondent's attorney moved the court for a judgment that a final writ of mandate issue upon the pleadings, upon the ground that the matters set forth in the return constituted no defense to the matters set out and alleged in the application and writ, and on the further ground that the board of supervisors, having passed upon the facts as to the services rendered and the amount due to respondent, their judgment thereon was final in regard to such facts, and not subject to review in the pending proceeding. The court granted the motion, and ordered a peremptory writ of mandate to issue. At the time and place of the hearing of said motion, the district attorney, on behalf of appellant, asked leave to prove, and offered to prove, the facts set up in his return or answer as above specified, which leave was refused by the court, and to the ruling appellant then and there excepted in due form, and such ruling is assigned as error on this appeal.

The appeal involves this single proposition: Where a claim

for services which, if performed, is a legal charge against the county, has been duly presented to the board of supervisors, regularly considered, allowed and ordered paid, can the auditor lawfully refuse to draw his warrant therefor upon the treasurer upon the ground that such services were never rendered?   "The auditor must draw warrants on the county treasurer in favor of all persons entitled thereto in payment of all claims and demands chargeable against the county, which have been legally examined, allowed and ordered paid by the board of supervisors." (Stats. 1891, p. 322, sec. 113.)   It is the privilege and duty of the auditor to refuse to draw his warrants upon the treasurer for claims which, although sanctioned and ordered paid by the board of supervisors, are void upon their face for want of jurisdiction in the board of supervisors, or showing an excess of jurisdiction, or other plain and palpable violation of law.   (*Linden* v. *Case*, 46 Cal. 171; *Merriam* v. *Board of Supervisors*, 72 Cal. 518; *Carroll* v. *Siebenthaler*, 37 Cal. 193.)   By subdivision 12 of section 25 of the County Government Act (so-called), Statutes of 1891, page 301, jurisdiction is conferred upon the board of supervisors "to examine, settle, and allow all accounts legally chargeable against the county, except salaries of officers, and order warrants to be drawn on the county treasurer therefor."

The claim of the respondent for fees, in payment of services as a constable, was one which the board of supervisors had jurisdiction to hear and determine.   There is no suggestion of a failure to present a duly itemized account, verified as by law required, or in fact of any irregularity, except that the services were not rendered.   This amounts simply to a charge that the board decided the case wrong.   The jurisdiction to hear and determine a case involves, from a jurisdictional stand-point, the abstract right to determine it wrong as well as right.   In other words, the jurisdiction to determine being given, is not divested by an error of judgment in reaching a result.   When the board of supervisors heard and determined the facts involved in the claim, and made their order of allowance thereof, it became *res adjudicata*, and, in the absence of fraud, conclusive.   As was said in *Colusa Co.* v. *De Jarnett*, 55 Cal. 375: "When the board of supervisors of the county allowed it, they acted as a

*quasi*-judicial body, and their allowance and settlement was an adjudication of the claim which is conclusive."

If the auditor may attack the conclusion of the board of supervisors for the reason and in the manner attempted here, there is no good reason why the treasurer or any tax-payer may not make a similar attack for like cause, and thus defeat the manifest object of the legislature in conferring the power of determination upon the local body. There should be an end of litigation in every case, and when a case has once been heard upon its merits and fully determined, it should be held conclusive until reversed, modified, or set aside in the mode prescribed by law. To this rule there is the exception hereinbefore stated of proceedings which are void, and therefore of no efficacy or binding force anywhere or upon any person.

The judgment appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., McFARLAND, J., GAROUTTE, J.