[Sac. No. 231.    Department One.—September 25, 1897.]

CHARLES A. LAMBERSON et al., Respondents, v. E. M. JEF-
FERDS, as Auditor, etc., Appellant.

COUNTIES—POWER OF SUPERVISORS—EMPLOYMENT OF COUNSEL—ASSISTANCE OF
DISTRICT ATTORNEY NOT ESSENTIAL—CONTEST OF SALARIES OF DEPUTIES.
The board of supervisors is made by law the guardian of the interests
of the county, and, by subdivision 17 of section 25 of the County
Government Act of 1893, is empowered to direct and control the
prosecution and defense of all suits to which the county is a party,
and may employ counsel for that purpose, whether in aid of the dis-
trict attorney or otherwise, and where in their opinion, the deputies of
certain officers, including the district attorney, are drawing salaries
without authority of law, they may properly employ other counsel,
exclusive of the district attorney, to prosecute actions to enjoin the
payment of such salaries.

ID.—DISCRETION OF SUPERVISORS—POWER OF EMPLOYMENT NOT DEPENDENT
UPON RESULT.—Whether, in any particular case, the employment of coun-
sel shall be made, is addressed to the discretion which the supervis-
ors are to exercise in behalf of the public interests; nor is their right
to employ counsel and to make the value of their services a charge
upon the county dependent upon the result of the suit; but wherever
there is room for an honest difference of opinion as to such result,
and, in the opinion of the supervisors, the interests of the county re-
quire the employment of counsel, they are justified in making such
employment.

ID.—ALLOWANCE AND SETTLEMENT OF EXPENSES AND SERVICES OF COUNSEL—
ADJUDICATION CONCLUSIVE UPON AUDITOR—MANDAMUS—IMMATERIAL EVI-
DENCE.—The allowance and settlement of a claim for the expenses and
services of counsel employed by the supervisors is an adjudication by
a tribunal having jurisdiction of the matter that the services have
been rendered, and of the correctness of the claim, and is conclusive
upon the auditor, who cannot refuse to draw his warrant upon the
ground that the services were not rendered, or were of less value; and,
upon mandamus to compel him to draw warrants upon claims so al-
lowed. evidence is not admissible for him to show whether suits were
brought by such counsel, or whether they had assisted the district
attorney in bringing any suits, or whether he had sought for any
assistance, and what had been the result of the suits brought by the
plaintiff; but these questions are irrelevant and immaterial to the
issue before the court.

Appeal from a judgment of the Superior Court of Tulare
County.    William W. Cross, Judge.

The facts are stated in the opinion of the court.

Lamberson & Middlecoff, for Appellant.

F. B. Howard, and T. E. Clark, for Respondents.

HARRISON, J.—The board of supervisors of the county of Tulare, being of the opinion that some of the deputies of certain officers of the county were drawing salaries without authority of law, employed the plaintiffs in 1895 as attorneys to enjoin the auditor of the county from issuing warrants for the salaries, and the treasurer from paying the warrants. Under this employment the plaintiffs began and prosecuted certain actions in the superior court and on appeal to this court, and paid out certain moneys as expenses therein, and afterward duly presented their claims to the board of supervisors for the sums respectively of one hundred and seventy-three dollars and fifty cents and four hundred and sixty-three dollars. These claims were approved by the board of supervisors and ordered to be paid out of the general fund of the county, and were properly certified and delivered by the clerk to the auditor and treasurer of the county. Plaintiffs thereupon made demand of the auditor that he draw his warrants therefor, and upon his refusal instituted the present proceeding for a writ of mandate. The superior court granted their application, and the auditor has appealed.

The court found that all of the facts alleged in the complaint were true, and the appellant does not specify the insufficiency of the evidence to sustain any of the findings, or that the court erred in admitting any evidence, but relies upon certain other errors of law. In his answer the defendant denied the employment of the plaintiffs, or that they had rendered any services to the county, and at the trial the court refused to permit him to show by several of the county officers that the deputies employed by them, and in reference to whose salaries the suits were begun by the plaintiffs, were necessary to the performance of the duties of their respective offices. The court also refused to allow the defendant to show whether the plaintiffs had brought any suits, and whether they had assisted the district attorney in bringing any suits, and whether the district attorney had sought for any assistance and what had been the results of the suits brought by the plaintiffs. These questions were all irrelevant and immaterial to the issue before the court. If the supervisors had the

authority to employ the plaintiffs for the purpose of bringing the suits, the propriety or necessity of their employment could not be reviewed by the auditor, nor could he question the value of the services rendered under the employment after it had been fixed by the board of supervisors in allowing their claim therefor. It was said in *Lassen County v. Shinn*, 88 Cal. 510: "It is settled law that where a county has legal business to be transacted, its board of supervisors may employ counsel other than the district attorney to transact the business, if, in the judgment of the board, the public interest will thereby be subserved. This is rested upon the ground that the district attorney may be incompetent or sick or absent from the county or engaged in other business, so that he cannot attend to it, or the business to be transacted may be outside of the county." And in *McFarland v. McCowen*, 98 Cal. 329, it was held that where a claim for services, which if performed is a legal charge against the county, has been duly presented to the board of supervisors, regularly considered, allowed, and ordered paid, the auditor cannot refuse to draw his warrant therefor upon the ground that such services were never rendered. The allowance and settlement of the claim by the board of supervisors is an adjudication, by a tribunal having jurisdiction of the matter, that the services have been rendered, and of the correctness of their value, and is conclusive. (*Colusa County v. De Jarnett*, 55 Cal. 373; *McConoughey v. Jackson*, 101 Cal. 265; 40 Am. St. Rep. 53.) The board of supervisors is made by law the guardian of the interests of the county, and by subdivision 17 of section 25 of the County Government Act is given authority (Stats. 1893, p. 356) "to direct and control the prosecution and defense of all suits to which the county is a party, and to employ counsel to assist the district attorney in conducting the same." Not only are they empowered to employ counsel to assist the district attorney, but they may also employ counsel for the purpose of directing and controlling the prosecution and defense of any suit to which the county is a party. Whether, in any particular case, such employment shall be made is addressed to the discretion which they are to exercise in behalf of the public interests. If, in their opinion, the interests of the county require such employment, it is their duty to secure the services of a competent attorney therefor. In the present case,

the fact that the district attorney was one of the officers whose deputies were included among those who, in the opinion of the supervisors, were not entitled to be paid by the county, made it eminently proper that other counsel should be employed. Neither is their right to employ counsel, and make the value of their services a charge upon the county, dependent upon the result of the suit. Wherever there is room for an honest difference of opinion as to such result, the supervisors are justified in thus seeking to protect the interests of the county. The character of these suits is not disclosed by the present record, but the suits themselves have been under consideration by this court in connection with this appeal, and it cannot be said with reference to them that the law upon the questions involved was so settled that only a single result could be anticipated.

The judgment is affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.