[L. A. No. 694. Department One.—June 23, 1900.]

R. Y. McBRIDE, Appellant, v. T. E. NEWLIN, County Clerk, etc., et al., Respondents.

INJUNCTION—TAXPAYER—ILLEGAL CLAIM AGAINST COUNTY FOR PRINTING. A taxpayer cannot maintain an action to enjoin the board of supervisors from allowing an alleged illegal claim against the county for printing; nor can he in that action enjoin the auditor and treasurer from acting officially upon such claim.

ID.—QUASI JUDICIAL ACTION OF SUPERVISORS—PRESUMPTION.—The board of supervisors, in passing upon a claim against the county, acts in a *quasi* judicial capacity; and it must be presumed that the board will do its duty, and will reject the claim if it is illegal.

ID.—PLEADING—INSUFFICIENT ALLEGATIONS.—A complaint to enjoin the allowance and payment of an illegal claim for printing, which does not allege that any claim therefor has been made out or filed with the board of supervisors, or that any such claim will be presented, is fatally defective.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

Hester & Ladd, for Appellant.

Flint & Barker, J. A. Donnell, District Attorney, and James C. Rives, Successor, for Respondents.

COOPER, C.—The court sustained a demurrer to the complaint, and judgment was entered for defendants. This appeal is from the judgment and for the purpose of reviewing the order sustaining the demurrer.

The action was brought by plaintiff, as a taxpayer, for the purpose of enjoining the board of supervisors of Los Angeles county from allowing or ordering a warrant drawn, the auditor

of the county from drawing the same, and the treasurer from paying any such warrant for a claim of defendants Pridham and Faulkner for printing a supplemental register of the county, which claim for printing is alleged to be illegal for certain reasons not necessary to be discussed in this opinion. The demurrer was properly sustained. The case is clearly within the rule laid down in *Linden v. Case*, 46 Cal. 172, and *Merriam v. Board of Supervisors*, 72 Cal. 519.

The board of supervisors, in passing upon a claim, act in a *quasi* judicial capacity. (*Colusa County v. De Jarnett*, 55 Cal. 375; *McFarland v. McCowen*, 98 Cal. 331.) In the latter case the plaintiff presented an itemized bill against the county for services alleged to have been performed as constable, and the board of supervisors allowed the claim and ordered the warrant drawn. The defendant, as auditor, refused to pay the warrant and attempted to show that plaintiff never in fact performed any services for the county. This court held the adjudication of the board of supervisors, as to the fact of whether or not the services had been performed, final and conclusive. In the opinion it is said: "The claim of respondent for fees in payment of services as constable was one which the board of supervisors had jurisdiction to hear and determine." The board of supervisors, being the body clothed with *quasi* judicial functions, is the appropriate tribunal to pass upon the claim which it is alleged will be allowed. We must presume that the board will do its duty, and if the claim is illegal that it will be rejected. In order for the court to have issued an injunction in this case it would have to determine that a tribunal possessing judicial powers was intending to and would violate the law. If an injunction would lie in such case, on the same principle it would lie against the superior court in case it were alleged that such court intended to decide some case contrary to law.

The complaint is fatally defective in other respects. It is not alleged that any claim for said printing has been made out or filed with the board of supervisors, or that any such claim will be presented. The cases cited by appellant are not in conflict with what has here been said. In *Winn v. Shaw*, 87 Cal. 632, the action was for the purpose of restraining the auditor from drawing his warrant for the purchase price of land which the

board of supervisors had no power to purchase without publishing notice as required.

In *Bradford v. San Francisco*, 112 Cal. 537, the action was for the purpose, among other things, of enjoining the board of supervisors from incurring an indebtedness and levying a tax in violation of the County Government Act and in excess of the revenue provided for the fiscal year.

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Van Dyke, J., Harrison, J., McFarland, J.