[S. F. No. 2225.   Department One.—June 26, 1901.]

COUNTY OF SANTA CRUZ, Appellant, v. DUNCAN McPHERSON et al., Partners, etc., Respondents.

COUNTY GOVERNMENT ACT — RECOVERY BACK OF CLAIM ALLOWED BY SUPERVISORS — "AUTHORITY OF LAW." — Under section 8 of the County Government Act of 1893, a claim allowed by the supervisors, which is paid by the county, cannot be recovered back, unless it was allowed and paid "without authority of law."

ID. — ALLOWANCE FOR PRINTING DELINQUENT TAX LIST — JURISDICTION — CONCLUSIVE ADJUDICATION. — The action of the board of supervisors in awarding a contract for the printing of the delinquent tax list, and in allowing a claim therefor, is a conclusive adjudication of a subject-matter within its jurisdiction. In such case, the order of the board constitutes "authority of law," and the amount paid thereunder cannot be recovered.

ID. — FRAUDULENT COLLUSION IN BIDDING — EXCLUSIVE JURISDICTION OF SUPERVISORS. — An objection that the bid for printing was excessive by reason of fraudulent collusion or conspiracy in securing the bid, or for any other reason, must be addressed to the board of supervisors, which is the proper tribunal to determine such objection. The board having duly acted in the matter, all defenses that might have been made to the claim before them are precluded, and cannot be urged in an action to recover back the money paid upon their allowance.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   M. T. Dooling, Acting Judge.

The facts are stated in the opinion.

Benjamin K. Knight, and C. E. Lindsay, for Appellant.

Charles C. Houck, and Joseph H. Skirm, for Respondents.

GRAY, C. — This action was brought under the provisions of section 8 of the County Government Act of 1893 (Stats. 1893, p. 347), to recover $1,035, alleged to have been illegally paid to defendants for county printing. The plaintiff appeals from a judgment following an order sustaining a demurrer to its amended complaint.

The complaint as amended, so far as necessary to be here stated, alleges, in substance, that the defendants entered into a conspiracy with other printers and publishers of said county

of Santa Cruz to defraud the said county; that it was agreed between the conspirators that the said defendants should file with the board of supervisors of said county a false and fictitious proposal, in writing, to print the delinquent tax list of 1895 for the price of $1.50 per square for the first insertion, and $1 per square for each subsequent insertion; that no proposal should be filed to print said list at or for a lower price, and that the amount received from plaintiff by defendants for the printing of said list should be divided among the parties to said conspiracy; that the said proposal was filed as agreed; that said proposal was not a sealed proposal, within the meaning of section 3766 of the Political Code then in force; that its contents were, before the filing thereof, well known to the other persons engaged and participating in said conspiracy, and that by reason thereof, and of said conspiracy, no lower bid or proposal was filed with or presented to said board; that the said board thereafter, without knowledge of said conspiracy, accepted said proposal, and awarded to defendants the contract for the publication of the said delinquent tax list for 1895, at the said price proposed; that thereafter a pretended claim for the amount of $1,381.50 for the printing of the delinquent tax list of said county for the year 1895, duly verified as required by law, was presented to said board for settlement and allowance; that said claim was based on the aforesaid fraudulent proposal, and, without any knowledge of said conspiracy and intent to defraud, the said board allowed said claim to the extent of $1,350, and thereupon the county auditor of said county, as directed by said board, drew a warrant on the treasurer of said county, in favor of defendants, for said last-mentioned sum, and the same was paid in full to said defendants on the sixth day of July, 1895; that the proper legal charge for the printing of said tax list at all the times mentioned was $315, and no more; that all of said pretended claim in excess of said $315 was not and is not payable or chargeable by or against plaintiff, and was not and is not a county charge; that plaintiff received no consideration for said claim above said $315, and it was the duty of said board to allow said claim for said sum of $315, and for no greater amount; that by reason of the premises the defendants are indebted to plaintiff in the sum of $1,035, no part of which has been paid. Plaintiff prays judgment for said $1,035, together with twenty per cent damages, as provided by law.

Section 8 of the County Government Act of 1893 (Stats. 1893, p. 347) is as follows: "Hereafter, whenever any board of supervisors shall, without authority of law, order any money paid as a salary, fees, or for any other purposes, and such money shall have been actually paid, or whenever any other county officer has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized thereto by the board of supervisors or by the law, and the same shall have been paid, the district attorney of such county is hereby empowered, and it is hereby made his duty, to institute suit, in the name of the county, against such person or persons, to recover the money so paid, and twenty per cent damages for the use thereof, and no order of the board of supervisors therefor shall be necessary to maintain such suit; and provided further, that when the money has not been paid on such order or warrants, it is hereby made the duty of the district attorney of such county, upon receiving notice thereof, to commence suit, in the name of the county, for restraining the payment of the same, and no order of the board of supervisors shall be necessary in order to maintain such suit."

It will be seen that a suit can be maintained under this section only when the order of the board of supervisors or other warrant on which money is to be or has been paid out was made "*without authority of law.*"

The action of the board of supervisors in awarding the contract for printing the delinquent tax list, and in subsequently allowing the claim therefor under the circumstances disclosed by the complaint, is conclusive of the matter, and in the face of such action it cannot be said that the money was paid to defendants "without authority of law." The order of the board, duly made, constituted the "authority of law."

In *Lamberson* v. *Jefferds*, 118 Cal. 363, it is said: "The allowance and settlement of the claim by the board of supervisors is an adjudication, by a tribunal having jurisdiction of the matter, that the services have been rendered, and of the correctness of their value, and is conclusive." (See also *McFarland* v. *McCowen*, 98 Cal. 329; *Colusa County* v. *De Jarnett*, 55 Cal. 373; *McConoughey* v. *Jackson*, 101 Cal. 265;[1] *McBride* v. *Newlin*, 129 Cal. 36.) Under the authority of these cases, the board of supervisors was the proper tribunal before which to

[1] 40 Am. St. Rep. 53.

make the objection that the claim for the printing was excessive by reason of a fraudulent conspiracy or for any other reason, and the board having taken due action in the matter, all defenses that might have been made to the claim before them are precluded.

The judgment should be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Garoutte, J., McFarland, J.

133 285
144 103
133 285
148 703
d148 704