[S. F. No. 2333.   Department One. —March 22, 1902.]

## COUNTY OF ALAMEDA, Appellant, v. HENRY EVERS, Respondent.

SUPERVISORS—ALLOWANCE OF CLAIMS—REMEDIES—CONCLUSIVE DE-
CISION OF FACTS.—If the board of supervisors exceeds its jurisdic-
tion in the allowance of claims which are illegal and void upon their
face, there is a remedy against such allowance; and there may be
cases in which equity will set aside an allowance procured by fraud.
But where the board acts within its jurisdiction, and without any
fraud in the procuring of an allowance, its decision upon questions
of fact in making the allowance is without remedy in the courts.

ID.—ALLOWANCE FOR SERVICES OF CORONER—ACTION BY COUNTY TO RE-
COVER BACK MONEY PAID.—An allowance made by the supervisors
for services of a coroner, which were proved before it, and which
was paid by the treasurer upon the auditor's warrant, cannot be re-
covered back in a collateral action by the county which does not
directly attack the judgment of the board, but proceeds upon the
alleged ground that the services were not in fact rendered by the
coroner.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, and J. J. Allen, District
Attorney, for Appellant.

Reed & Nusbaumer, for Respondent.

COOPER, C.—The court below sustained a demurrer to the
amended complaint, and plaintiff declining further to amend,
judgment was entered for defendant.   This appeal is from the
judgment.   It appears from the complaint that defendant,
as coroner, in January, 1894, presented in due form, and duly
verified, a claim against the plaintiff, which claim was duly
itemized, and was for certain alleged services performed by
defendant in his official capacity.   The claim was for the total
sum of $230, and was duly passed upon and audited by the
board of supervisors of the county, and a warrant ordered
drawn in defendant's favor for the amount.   The auditor

accordingly drew his warrant upon the treasurer, and the same was, upon presentation, duly paid.

The claim included various items for services, which upon their face were a legal charge against the county, but, it is alleged, the services were never performed. Among such items are ten dollars for holding an inquest upon the body of Peter Petroff, deceased; ten dollars for holding an inquest upon the body of Henrietta Kraft, deceased, and a number of items of five dollars each for the removal of the remains of various named deceased parties to the morgue.

It is alleged that such services were never performed; that defendant made said claim and the affidavit thereto knowing that it was false in the respects pointed out, and that by such false statements he willfully misled the board of supervisors, and that it allowed the claim, relying upon the false statements contained therein, and believing that the said services had been performed by defendant as stated in the claim. This action is brought to recover of defendant the amount so paid to him for such alleged services. In other words, after the claim of defendant has been duly passed upon and allowed by the board of supervisors, acting in a judicial capacity, it is now sought in this collateral proceeding to prove that the finding of the board on a question of fact was not correct. The very question which the board had the right to determine, and which it was its peculiar and exclusive province to determine, was as to whether or not the services set forth in the claim had been performed. It was the duty of the board, in its judicial capacity, to carefully examine this question. It had the right to the advice and assistance of the district attorney of the county, and the right to bring witnesses before it and examine them on questions of fact.

From the decision of the board of supervisors on questions of fact, in regard to matters of which it has jurisdiction, there is no appeal. If the board exceeds its jurisdiction, or allows claims which are illegal upon their face, or in direct violation of law, there is a remedy. There, no doubt, may be cases in which a court of equity in a direct proceeding would entertain a suit to set aside the allowance of a claim where such allowance has been procured by fraud, but this is not such a case.

In this case it is sought by plaintiff to recover by proving that the services for which the money was paid were never

performed. Defendant procured the money by proving before the proper tribunal that the services had been performed. Plaintiff now seeks, without attacking the judgment of the tribunal which allowed the claim, to recover back the money by proving that the services were never in fact performed. We are aware that in several of the states such doctrine has been sanctioned, but the rule has been long settled the other way in this state, and we see no reason to change it. (*Colusa County* v. *DeJarnett,* 55 Cal. 373; *McFarland* v. *McCowen,* 98 Cal. 329; *McConoughey* v. *Jackson,* 101 Cal. 265;[1] *Lamberson* v. *Jefferds,* 118 Cal. 365; *McBride* v. *Newlin,* 129 Cal. 36; *County of Santa Cruz* v. *McPherson,* 133 Cal. 283; *Barto* v. *Board of Supervisors,* 135 Cal. 494.)

It follows that the ruling of the court was correct, and the judgment should be affirmed.

Haynes, C , and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Harrison, J., Garoutte, J.