[Civ. No. 1586. Third Appellate District.—November 4, 1916.]

## ERNEST A. VICTORS, Respondent, v. E. C. KELSEY, County Treasurer, etc., Appellant.

COUNTIES—EXPENSE INCURRED IN CRIMINAL ACTION—ATTENDANCE OF EXPERT—AUTHORITY OF DISTRICT ATTORNEY—APPROVAL BY SUPERVISORS—DETERMINATION CONCLUSIVE.—That district attorney of a county has authority, under the provisions of subdivision 2 of section 4307 of the Political Code, to incur an expense in procuring the attendance of an expert upon the trial of a criminal action to testify as to the result of certain blood tests made by the witness, and where the incurring of such expense is approved by the board of supervisors, the determination of the board is not subject to review by the courts.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, and L. H. Hughes, for Appellant.

Frederick L. Berry, for Respondent.

CHIPMAN, P. J.—Mandate. Petitioner is a resident of the city and county of San Francisco, a physician and surgeon of many years' practice. The nature of the action sufficiently appears from the following findings:

## "VI.

"That in the determination of the said cause, 'People of the State of California v. Frank S. Cook,' and in preparing said cause for trial in behalf of the plaintiff therein, it became material and important to said plaintiff that certain experimental tests be made to determine whether or not certain specimens were or were not human blood stains; that the said District Attorney of the said County of Plumas duly engaged and duly employed and subpoenaed the petitioner herein to make said experimental tests upon certain specimens then and there submitted to him prior to the trial of said action and for the purpose above stated, and in anticipation of calling the said petitioner as an expert witness at the trial of said cause to testify as to the results of said experimental tests;

that the petitioner herein did make said experimental tests upon certain specimens duly submitted to him and in pursuance of his employment as aforesaid for the purpose of preparing as a witness in the trial of the said cause, and was duly and regularly subpoenaed therefor at the City and County of San Francisco, State of California, to attend and did attend upon the trial of said cause in the City of Quincy, County of Plumas, on the 10th and 11th days of February, 1915, and was then and there duly called as a witness in said cause and testified as an expert witness thereat for the purpose of testifying to the result of said experimental tests above referred to, and his said testimony then and there became a part of the record of the trial and proceedings of said action.

## "VII.

"That thereafter, to wit, on February 11, 1915, the petitioner herein filed and presented in due form to the Board of Supervisors of Plumas County his bill, claim and demand for payment of his services rendered as referred to above for the making of said experimental test recited therein and above referred to, and for testifying in relation as set forth and referred to above and for his necessary expenses incurred in attending said trial. Said bill, demand and claim were filed in due form with the Board of Supervisors of said Plumas County on the 11th day of February, 1915; that said Board of Supervisors received said claim and demand, fully and duly considered the same and duly acted thereon and approved the same, and allowed the same, and ordered the said claim be duly paid to the petitioner herein and that the Auditor of said Plumas County issue his warrant forthwith for the payment of said claim from the general fund of the Treasury of said County; that thereupon said bill and demand was duly audited by said Auditor of said County of Plumas, was duly allowed and issued his warrant upon the said Treasurer of said County of Plumas on the 2nd day of March, 1915, payable to the petitioner for the sum of Two Hundred seventy-two dollars and twenty cents ($272.20) in payment of said claim, demand and bill, and said warrant provided that said payment should be made from the general fund of the Treasury of said County; and that said bill, claim and demand was in the form and as set forth and alleged in the first amended petition herein and as set forth and appended

thereto in a copy thereof and marked as Exhibit 'A' and made a part of said first amended petition herein.

## "VIII.

"That immediately subsequent to March 2, 1915, and prior to the filing of the petition herein the petitioner duly presented said claim and demand as allowed and as set forth above and in the form alleged herein to the said Treasurer of said Plumas County at the office of said Treasurer during the business hours thereof and that said Treasurer refused to pay the same and still continues to refuse to pay the same, and offered as a reason for said refusal that the item in said claim designated 'February 10th, 11th, one and one-half days' service as witness $150.00' was and is illegal and does not and did not constitute a legal charge against the said County of Plumas. . . .

## "X.

"That there was and is at all of the times mentioned in said petition sufficient money in the hands of the County Treasurer, County of Plumas, State of California, in the proper fund in the hand of said Treasurer with which to pay said demand."

No objection is made to the form of the claim. The items were:

| Date. | Items. | Amount. |
|---|---|---|
| Jan. 19. | Examination and Experimental tests of Four specimens for the purpose of determining as to whether the same were Human Blood | $100.00 |
| Feb. 10–11. | 1½ days' service as witness $150.00 and expenses to Quincy, as a witness and return, $22.20 | 172.00 |
| | | $272.20" |

Indorsed as follows:

"Expenditures authorized and approved by me.

"M. C. KERR,
"Dist. Atty."

"Examined. A legal charge.

"M. C. KERR,
"Dist. Atty."

"Allowed by Board of Supervisors March 2, 1915, for $272.20, payable out of the General Fund.

"Countersigned—H. J. Treleaven,

"Chairman Board of Supervisors.

"Attest: F. R. Young,

"Clerk of Board of Supervisors.

"Warrant No. 577. Allowed March 2, 1915, for $272.20, payable out of the General Fund.

"F. R. Young,

"County Auditor."

As conclusions of law, the court found that petitioner is entitled to a peremptory writ of mandate directed to E. C. Kelsey, treasurer of Plumas County, commanding him to pay said claim to petitioner with interest at seven per cent per annum from March 2, 1915, and judgment was accordingly entered.

The appeal is from said judgment on the judgment-roll alone.

The only item challenged for its illegality is the charge of $150 for per diem services as a witness. And appellant contends that petitioner was entitled only to the usual and ordinary witness fees. (Pol. Code, sec. 4300g; Pen. Code, sec. 1329.)

It must be conceded that unless the district attorney was authorized by law to engage the services of petitioner in an expert capacity and agree to compensate him for his services as such, the contention of appellant must prevail. If, however, the district attorney had such authority and no objection to the claim arising out of the exercise of that authority is made other than want of authority, it was the duty of the treasurer to pay the claim and mandate will lie to compel its performance.

Section 4307 of the Political Code provides as follows: "The following are county charges: . . . 2. The traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county, . . . and all other expenses necessarily incurred by him in the detection of crime and prosecution of criminal cases, and in civil actions and proceedings and all other matters in which the county is interested." (Same as sec. 228 of the County Government Act of 1897, Stats. 1897, p. 575.)

The board of supervisors are authorized, "To examine, settle, and allow all accounts legally chargeable against the county, except salaries of officers, and such demands as are authorized by law to be allowed by some other person or tribunal, and order warrants to be drawn on the county treasurer therefor." (Pol. Code, sec. 4041, subd. 12. Same as subd. 11, sec. 25, County Government Act of 1897, *supra*.)

These sections as found in the County Government Act were before the supreme court in *County of Yolo* v. *Joyce,* 156 Cal. 429, [105 Pac. 125]. In that case the claim was for the transcription of certain testimony to be used in the prosecution of a criminal case which the district attorney certified was necessary "in the prosecution of Dean McGrew and was necessary in the conduct of the trial of said McGrew." It was contended in that case that the transcription could only be ordered by the judge under section 274 of the Code of Civil Procedure. But the court held that the power was not vested exclusively in the trial court and that the authority could be exercised by the district attorney under the act cited. The court said: "The district attorney is an executive officer charged with the detection of crime and the prosecution of criminal cases. In furtherance of the proper discharge of his duties the legislature has, under the section of the County Government Act, enlarged his power so as to permit him to incur expense necessary to enforce the criminal law. His authority to do so for that purpose is not made subject to the control or supervision of any court or judicial officer, but is a matter for the consideration of the board of supervisors alone to the extent of determining whether the expense was necessarily incurred so as to constitute a county charge. Of course, the right of a district attorney to incur expense is not an arbitrary one. All that the section of the County Government Act permits is to give to the district attorney, in the first instance, the discretion to determine whether it is necessary in the detection of crime, or the prosecution of a criminal case, to incur an expense chargeable against the county. Any such claim, however, must be presented to the board of supervisors for allowance, and that body reviews the action of the district attorney and determines whether the expense was a necessary one and acts accordingly. And as the board of supervisors is vested with the authority to determine the question whether the expense was necessary or not,

and is the tribunal to which is committed under the County Government Act the jurisdiction to supervise the action of the district attorney in incurring the expense, its determination that it was a proper and necessary expense is conclusive." (*Colusa County* v. *De Jarnatt,* 55 Cal. 373, 375; *McFarland* v. *McCowen,* 98 Cal. 330, [33 Pac. 113]; *McBride* v. *Newlin,* 129 Cal. 36, [61 Pac. 577]; *County of Santa Cruz* v. *McPherson,* 133 Cal. 282, [65 Pac. 574]; *County of Alameda* v. *Ebers,* 136 Cal. 132, [68 Pac. 475].)

We regard this decision as conclusive of the question here. The district attorney acted under express authority given him by the statute, and the board of supervisors determined that the expense was necessary. We cannot go behind the finding of the supervisors to inquire whether they decided rightly or wrongly. We have nothing before us but the record of official action and the findings of the court. The supervisors might well have concluded that the time of the expert given as a witness was as valuable to him as the time given to his examination of the specimens, and as to this latter item no objection is made. The examination of the specimens submitted to the expert and his conclusion upon such examination would have been of no assistance to the state in the trial of the case without the expert's presence at the trial.

It is suggested in appellant's reply brief that the complaint does not allege that an agreement was made by the district attorney to pay the petitioner for his services in attending as a witness at the trial. There is no direct averment of such agreement, but the claim shows on its face that the expenditure was "authorized and approved by" the district attorney. This was sufficient to meet the objection, for the claim was made part of the complaint.

We do not think that the general law fixing the fees of witnesses is a limitation upon the power given the district attorney and the board of supervisors by the statutes above referred to.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.