[Civ. No. 1812.   Third Appellate District.—June 3, 1918.]

THIEL   DETECTIVE   COMPANY   (a   Corporation), Respondent, v. COUNTY OF TUOLUMNE, Appellant.

PUBLIC OFFICERS—DISTRICT ATTORNEY—AUTHORITY TO EMPLOY DETECTIVES.—Under section 4307, subdivision 2, of the Political Code, a district attorney is authorized to employ detectives at the expense of the county, when necessary for the detection of persons guilty of crimes or to obtain evidence of their guilt.

ID.—COMPENSATION FOR DETECTIVE SERVICES—PRESENTATION OF CLAIM—PROCEDURE UPON REJECTION.—A claim for detective services performed by a county at the request of the district attorney must be presented to the board of supervisors, and if it be rejected, the claimant may bring his action as provided by section 4078 of the Political Code.

ID.—CLAIMS AGAINST COUNTIES—ACTION BY BOARDS OF SUPERVISORS—WHEN NOT FINAL.—Where a claim has been allowed in full by the

board of supervisors, if it be within the jurisdiction of such tribunal, it can only be attacked by a suit in equity on the ground of fraud. If it be apparent that the board has exceeded its jurisdiction in the allowance of the claim, the order may be nullified through an action brought in court, or such order may be disregarded and treated as nugatory by any officer who is called upon to give effect to the invalid determination of the board. If, however, a claim within the power of the board to allow has been rejected, or allowed only in part, the decision of the board is not final, but by virtue of the statute the claimant may bring his action at law and establish his claim against the county as fully and effectively as it could be by a favorable order of the board in the first instance.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

C. M. Delameter, Frank W. Street, and Horace M. Street, for Appellant.

Henry G. W. Dinkelspiel, and Frank W. Hooper, for Respondent.

BURNETT, J.—The appeal is from the judgment in favor of respondent for detective services performed for the county by virtue of an agreement with the district attorney. The claim was properly presented to the board of supervisors, and by said board it was rejected. Thereafter, within the statutory period, an action was brought in the superior court, and by said court it was found that plaintiff was employed by the district attorney of the county "to make certain investigations and secure evidence concerning the alleged violations of certain of the criminal laws of the state," that certain services were performed in pursuance of this employment at an agreed compensation, that in the performance of said services, plaintiff incurred certain expenses incidental to said investigation, that the charges for the same, together with said expense, were reasonable, that they were necessarily incurred in the course of said employment, were a proper charge against the county, and that a claim therefor properly verified was filed with the clerk of the board of supervisors, and thereafter rejected by said board.

There is no question of the authority of the district attorney to incur an expense of this character. Subdivision 2 of section 4307 of the Political Code provides that "the traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county, . . . and all other expenses necessarily incurred by him in the detection of crime and prosecution of criminal cases," are county charges. That this includes the services of detectives in proper cases is not disputed. He may employ them at the expense of the county when necessary for the detection of persons guilty of crimes or to obtain evidence of their guilt. (*Rocca* v. *Boyle,* 166 Cal. 94, [Ann. Cas. 1915B, 857, 135 Pac. 34].)

The compensation therefor being a county charge, the claim must be presented to the board of supervisors, as it is the duty of this tribunal "to examine, settle, and allow all accounts legally chargeable against the county," etc. (Pol. Code, subd. 12, sec. 4041; *Rocca* v. *Boyle, supra.*)

Such claim stands upon the same footing as other charges that must be presented to the board of supervisors, and if it be rejected, the claimant may bring his action in court as provided by section 4078 of said code. In that respect the statute makes no distinction between different claims, and the courts are not justified in making any. It is true, as said in *Fulkerth* v. *County of Stanislaus,* 67 Cal. 336, [7 Pac. 754], that said provision is general and "applies to all accounts presented against the county." In the Fulkerth case, the sheriff of the county brought suit to recover compensation for meals furnished to prisoners in the county jail, and it was held that it was for the board of supervisors to determine in the first instance what was a reasonable compensation, but that the determination by said board was no more final than would have been a similar finding in an account for any other proper county charge.

So, herein, it was the province and duty of the board of supervisors to determine whether the services were performed by claimant, whether they were authorized by the district attorney, whether they were necessarily incurred in pursuance of his duty as public prosecutor, and whether the demand was reasonable in amount. But when the claim was rejected, the foregoing considerations all became the subject of cognizance and determination in an action brought in the superior court. To hold otherwise would be to nullify the

plain provision of the statute and to oppose the decisions of the supreme court. Of course, if the decision of the board is final, that is an end of the matter, and the remedy by an action at law is not available. But the truth is that such contract rights as well as "vested rights of property" are placed by the constitution and statutes "under the protection of the courts" where the questions of law and fact may be finally determined. (*Glide* v. *Superior Court,* 147 Cal. 30, [81 Pac. 225].)

Appellant, in its contention that the determination of the board of supervisors is final and conclusive, has been misled by certain expressions used by the appellate courts in cases wherein claims had been allowed in full by the board of supervisors. In such instance, the situation is quite different from this, as must be apparent.

To illustrate the distinction, we may refer to some of the leading decisions in this state wherein it was sought to review the action of the board of supervisors in allowing the claim.

In *Colusa County* v. *De Jarnett,* 55 Cal. 373, the action was brought to restrain the defendant as county auditor from issuing a warrant in favor of one Dyas upon a claim in his favor, which had been allowed against the county for legal services rendered by him for said county. The supreme court held that there was nothing in the complaint to authorize the interposition of a court of equity. Hence, it was plain that the court would not be justified in restraining the auditor, who is a mere ministerial officer, from issuing his warrant upon a claim which had been adjudged by the proper tribunal, the claim being valid upon its face and within the scope of the statutory authority of the board of supervisors.

*McFarland* v. *McCowen,* 98 Cal. 329, [33 Pac. 113], is a similar case. The claims therein were for constable fees and were allowed by the board of supervisors. The auditor refused to draw his warrant for their payment, and the supreme court declared that "it is the privilege and duty of the auditor to refuse to draw his warrants upon the treasurer for claims, which, although sanctioned and ordered paid by the board of supervisors, are void upon their face for want of jurisdiction in the board of supervisors, or showing an excess of jurisdiction, or other plain and palpable violation of law."

In the absence of any such showing, it was held that the decision of the board was conclusive, since "there should be an end of litigation in every case, and when a case has once been heard upon its merits and fully determined, it should be held conclusive until reversed, modified, or set aside in the mode prescribed by law."

In the case of *McBride* v. *Newlin*, 129 Cal. 36, [61 Pac. 577], the action was brought by a taxpayer to enjoin the board of supervisors from allowing an illegal claim against the county for printing, and also to enjoin the auditor and treasurer from acting officially upon such claim. The following statement made therein is manifestly true: "The board of supervisors, being the body clothed with *quasi*-judicial functions, is the appropriate tribunal to pass upon the claim which it is alleged will be allowed. We must presume that the board will do its duty, and if the claim is illegal, that it will be rejected."

In *County of Santa Cruz* v. *McPherson*, 133 Cal. 282, [65 Pac. 574], the action was to recover money from the defendants, to whom it was paid by reason of the allowance by the board of supervisors of the claim of the former against the county for printing. It was held that the action of the board was a conclusive adjudication of the claim, since it was of a subject matter within its jurisdiction. The action was sought to be justified by virtue of section 8 of the County Government Act (Stats. 1893, p. 347), authorizing and directing the district attorney to institute suit for the recovery of money paid out "without authority of law."

Such claims being, however, within the range of legal county charges, the validity of the alleged indebtedness could not be retried in said suit, and the determination of the board of supervisors manifestly constituted the "authority of law."

*County of Alameda* v. *Evers*, 136 Cal. 132, [68 Pac. 475], was a somewhat similar case, and it was held that the action involved a collateral attack upon the order of the board of supervisors and that: "From the decision of the board of supervisors on questions of fact in regard to matters of which it had jurisdiction, there is no appeal. If the board exceeds its jurisdiction or allows claims which are illegal upon their face, or in direct violation of law, there is a remedy."

*County of Yolo* v. *Joyce*, 156 Cal. 429, [105 Pac. 125], was in principle the same as the last two foregoing citations,

and it was held that the action of the board in allowing the claim could not be reviewed in that proceeding.

The contention of appellant herein that the district attorney should consult the board of supervisors before incurring such expense was virtually answered in said decision as follows: "There is no provision of the law which requires the district attorney to consult any court or obtain any order therefrom as a prerequisite for his incurring any expense which he may deem proper in the discharge of his duties in detecting crime or prosecuting criminal cases." It may be said, also, that there is no provision requiring him to consult the board of supervisors, but the matter is left to his discretion in the first instance. It is true that in the Joyce case it was declared that his discretion is ultimately to be reviewed by the board of supervisors alone, and when that body determines that the discretion has been properly exercised, that the expense was necessarily incurred by him and the charges fair and reasonable, "that is the end of the matter." But, for the reason already pointed out, the converse does not follow, that where the board rejects the claim "that is the end of the matter."

The case of *Victors* v. *Kelsey*, 31 Cal. App. 796, [161 Pac. 1006], involved the question of the authority of the district attorney to incur an expense in securing the testimony of an expert in a criminal case. The board of supervisors allowed the claim, but the treasurer refused to pay it, and it was justly held by this court on appeal, affirming the decision of the superior court of Plumas County, that the board of supervisors acted within its authority in determining that the expense was a just charge against the county, and that the treasurer had no discretion in the matter, but that it was his plain duty to honor the warrant.

We think the matter can be summed up in these words: Where a claim has been allowed in full by the board of supervisors, if it be within the jurisdiction of such tribunal, it can only be attacked by a suit in equity on the ground of fraud. If it be apparent that the board has exceeded its jurisdiction in the allowance of the claim, the order may be nullified through an action brought in court, or such order may be disregarded and treated as nugatory by any officer who is called upon to give effect to the invalid determination of the board. If, however, a claim within the power of the

board to allow has been rejected, or allowed only in part, the decision of the board is not final, but by virtue of the statute the claimant may bring his action at law and establish his claim against the county as fully and effectively as it could be by a favorable order of the board in the first instance.

We think the appeal, it being upon the judgment-roll alone, is without merit, and the judgment is, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.