[Civ. No. 4088.   Third Appellate District.—February 13, 1931.]

T. J. NICELEY, Respondent, v. COUNTY OF MADERA, Appellant.

732

Barcroft & Barcroft and Mason A. Bailey for Appellant.

David E. Peckinpah for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—This cause is based upon certain obligations incurred by Welton C. Rhodes, as sheriff of the County of Madera, for detective hire, etc. The items upon which this action is based appear to be in excess of the amount allowed to the office of sheriff by the county budget for the fiscal year beginning June 1, 1928, and ending June 30, 1929. By the budget the sheriff was allowed the sum of $1,000, this sum having been expended on or before October 31, 1928, and further allowances made by the board of supervisors of the sum of $327.43. Thereafter the sheriff incurred expenditures in the sum of $982.46. This expenditure was incurred in running down and ferreting out of certain bands of cattle thieves, and also in connection with a certain crime committed in the County of Madera known as the ''Sylva murder case''. The board of supervisors disallowed the claims on two grounds, first, that the expenditures were unnecessary, and second, on the further ground that the fund allowed the sheriff for detective hire, etc., had been exhausted. Upon this appeal no question is made as to the necessity or propriety of the expenditures made by the sheriff, or of the expenses incurred by him, the only contention being that section 3714 of the Political Code, being the Budget Act, is controlling, and that under its provisions the sheriff only is liable for the payment of the expenses furnishing the basis of this action. On the part of the sheriff it is contended that section 4307 of the Political Code governs this action. The claims were all assigned to the plaintiff, and the action is prosecuted by the plaintiff for the collection of the several items of expenditure. The trial court found the allegations of the complaint true, which included the necessity and propriety of making the expenditures, and also held that the expenses constituted a legal charge against the County of Madera, and awarded judgment, as prayed for. The county appeals from this judgment.

The cause of action herein arose prior to the amendments of sections 3714 and 4307 of the Political Code, made in 1929 (Stats. 1929, pp. 1129, 1969). Hence it is not necessary to consider the argument of counsel relative to any changes made by the legislature in 1929.

After providing at length, and with a great deal of detail, how county budgets shall be made up and approved, paragraph 5 of section 3714 of the Political Code (Stats. 1927, p. 725) reads as follows—so far as pertinent here: "Expenditures made, liabilities incurred or warrants issued in excess of the budget appropriations as originally determined, or as thereafter revised by transfer, as herein provided, shall not be a liability of the county, but the official making or incurring such expenditure shall be liable therefor personally and upon his official bond. The County Board of Supervisors shall approve no claim and the County Auditor shall issue no warrant for any expenditure in excess of said budget appropriation as finally adopted, or as thereafter increased from the unbudgeted reserve, or by a transfer, as herein provided by said Board of Supervisors, or as revised under the provisions herein, except upon an order of a court of competent jurisdiction, or for an emergency, as hereinafter provided." As amended, this act went into effect on the first day of January, 1928. In 1927, section 4307 of the Political Code was amended so as to provide for the payment of certain expenditures incurred by the sheriff, the subdivision of that section (section 4307, subd. 2, Stats. 1927, p. 1667) reading as follows: "The traveling and other personal expenses of the district attorney and the sheriff, incurred in criminal cases arising in the county and in civil actions and proceedings in which the county is interested, and all other expenses necessarily incurred by either of them in the detection of crime and in the prosecution of criminal' cases", etc., shall constitute a proper charge against the county. As amended, this section took effect within the statutory time thereafter and some months preceding the time of the taking effect of section 3714 of the Political Code. The contention here presented is that section 3714 of the Political Code, taking effect some months after the taking effect of section 4307 of the Political Code, by implication repeals section 4307 of the Political Code, it being argued that the two sections are in irreconcilable conflict.

■ Before considering the question of whether section 3714 of the Political Code, by implication or otherwise, repeals the provisions of section 4307 of the Political Code, it is important to observe that subdivision 5 of section 3714, *supra,* does not make final the budget as adopted by the board of supervisors, nor does it make final the sum or allowance made or allotted to any particular official. The question is left open for a determination by the court as to whether any other items of expenditure shall be determined to be a claim against the county, and whether the county shall be held liable therefor. This plainly appears from the words specifying that no payment shall be made ''except upon an order of a court of competent jurisdiction''. And this provision follows that portion of the section relating to expenditures outside of, and in excess of, the budget allowance.

■ In 1927 (Stats. 1927, p. 1667) section 4307 of the Political Code was so amended as to make the provisions thereof applicable to sheriffs as well as to district attorneys, and the section as amended not only makes the traveling and personal expenses of the sheriff and district attorney a proper charge against the county, but also all other expenses necessarily incurred in the detection of crime and in the prosecution of criminal cases, etc.

This court has had occasion to consider the provisions of section 4307 of the Political Code in several cases. In the case of *Thiel Detective Co.* v. *Tuolumne County,* 37 Cal. App. 423 [173 Pac. 1120, 1122], it was held that the district attorney is authorized to employ detectives at the expense of the county, when necessary for the detection of persons guilty of crimes, or to obtain evidence of their guilt, and that when a claim for such expenditures is presented and disallowed by the board of supervisors, an action might be maintained to enforce payment. There the question was raised as to whether the district attorney should consult the board of supervisors, and presumably obtain their consent before making such expenditures, and the court, quoting from the case of *County of Yolo* v. *Joyce,* 156 Cal. 429 [105 Pac. 125], used the following language: ''There is no provision of the law which requires the district attorney to consult any court or obtain any order therefrom as a requisite for his incurring any expense which he may deem proper in the discharge of his duties in the detecting of

crime or prosecuting of criminal cases. It may be said also that there is no provision requiring him to consult the Board of Supervisors, but the matter is left to his discretion in the first instance." The same is true with regard to the sheriff. The section of the code we are considering does not require the sheriff to consult the board of supervisors or obtain their consent or the consent or order of the court before incurring the expenditures. However, a claim for such expenses must be presented to the board of supervisors, and if considered unnecessary, may be rejected. In any case the court is the final arbiter of the necessity for the expenditures and the legality of the charge against the county.

Whatever has been said by the Supreme Court and the District Courts of Appeal relative to the power and authority of a district attorney under section 4307 of the Political Code, applies now to the power and authority of a sheriff.

In the case of *Cunning* v. *Carr*, 69 Cal. App. 232 [230 Pac. 987, 990], this court had occasion to analyze the various cases having to do with the power and authority of the district attorney. In holding that the district attorney of Humboldt County had authority to employ detectives to assist in ferreting out crimes and obtaining evidence upon which to base prosecutions, this court said: "This court in the case of *Thiel* v. *Tuolumne County*, 37 Cal. App. 423, [173 Pac. 1120], has also held that the authority is given the district attorney, under said section of the Political Code, to make employment of an agent to detect crime, and that the expenses therefor constituted a proper county charge." Practically the same holding is had in *Humiston* v. *Shaffer*, 145 Cal. 195 [78 Pac. 651] ; *Victors* v. *Kelsey*, 31 Cal. App. 796 [161 Pac. 1006] ; *County of Yolo* v. *Joyce*, 156 Cal. 429 [105 Pac. 125] ; *Rocca* v. *Boyle*, 166 Cal. 94 [Ann. Cas. 1915B, 857, 135 Pac. 34]. We likewise refer to the case of *Langdon* v. *Koster*, 157 Cal. 39 [106 Pac. 209], where the district attorney of San Francisco was held authorized to employ a special agent in the detection of crime and assist in obtaining evidence to prosecute certain alleged offenders in that county.

In the case of *Cunning* v. *County of Humboldt*, 204 Cal. 31 [266 Pac. 522], the opinion in the case of *Cunning* v. *Carr, supra,* is quoted at length and approved, and the

court sustained the authority of the district attorney to employ detectives and agents to assist in the detection of crime and the collection of evidence, etc. It is true that these cases all involved facts and circumstances arising prior to the first day of January, 1928, the date on which the amendment to section 3714 of the Political Code, relative to budgeting, took effect.

In the case of *Darrah* v. *San Joaquin County,* 103 Cal. App. 76 [283 Pac. 962], this court again upheld the authority of the district attorney under section 4307 of the Political Code to incur expenses, as therein provided for, even though no allowance had been made by the board of supervisors to cover the same, and that such expenses constituted a charge against the county, and the district attorney was awarded judgment for repayment by the county of such expenses. In the case of *Darrah* v. *San Joaquin County, supra,* however, section 3714 of the Political Code was not considered. So far as the opinion reads it relates exclusively to the authority of the district attorney to the provisions of section 4307 of the Political Code unaffected by any of the provisions or limitations of section 3714 of the same code.

We may also agree with the contention of the appellant that none of the cases which we have cited consider anything further than the authority conferred by section 4307 of the Political Code, as section 3714 of the Political Code, so far as it relates to budgeting of the expenses, was not then in existence. In support of the contention of the appellant that section 3714 of the Political Code is controlling here, our attention is called to the case of *Fitzgerald* v. *Badaracco,* 202 Cal. 18 [258 Pac. 937], where an attempt was made by the board of public works to raise certain salaries and then compel the board of supervisors of the county of San Francisco to adopt such salary raise and provide for the payment thereof by increasing the budget allowance and levying a tax to cover the same. It was there held that the board of supervisors constituted the ultimate authority in that particular, and the petition of the board of public works was denied. That case, however, does not appear to us to be controlling here. The charter of the city of San Francisco, so far as we are advised, contains no such provisions as we find in section 4307 of the Political Code.

The authorities which we have cited definitely establish the right and power of either district attorney or sheriff to perform the acts and incur the expenditures which are involved in this action, unless limited by the provisions of section 3714 of the Political Code. If there is no conflict, then there is no limitation other than as determined ultimately by the courts. In other words, the necessity and legality of the expenditures are first determined by the officer involved, second, by the board of supervisors, and finally by the courts.

As to the two sections referred to, it is contended by the appellant that section 3714 of the Political Code cannot be given full effect unless it is construed as a limitation upon the power conferred upon the sheriff and district attorney by section 4307, and therefore, that section 4307, taking effect prior to the taking effect of section 3714 of the Political Code, is repealed by implication. In determining this question attention must first be given to the subject matter of the two sections. A reading of all of section 3714 of the Political Code shows that the legislature had in contemplation a system which would provide for budgeting all the ordinary expenses of the county, and that all of the ordinary and usually anticipated expenses of the conduct of each office of the county should be estimated and set forth in the budget. There is nothing in section 3714 of the Political Code relative to *extraordinary* or unusual or unanticipated expenditures that might necessarily have to be incurred in the prosecution of criminal cases. In fact there is nothing in section 3714 of the Political Code covering the subject of *criminal prosecutions,* or of the detection and ferreting out of criminals, or the collection of testimony necessary to be brought forth and presented to the court in the enforcement of our criminal laws. The emergency expenditures referred to in subdivision 6 of section 3714 of the Political Code (Stats. 1927, p. 725), cannot reasonably be interpreted as applying to any of the acts or expenditures involved in this action. There was no public emergency, no fire, flood, explosion, storm, earthquake, epidemic, riot or insurrection. Only such occurrences as are provided for in section 4307 of the Political Code are presented to us for consideration. A reading of section 4307 of the Political Code shows that it applies to a specific subject, to wit, the detection of crime and the prosecution of

criminal cases, so far as the present action is concerned. Thus, it is apparent that the two sections relate to entirely different and distinct subjects. As stated in 23 California Jurisprudence, page 967: ''In order that one statute may repeal another by implication, it seems clear that both must deal with the same subject matter. An act is not repealed by a subsequent act relating to another matter, nor is a section repealed by a subsequent section if the subjects of the two sections are distinct and separate and in nowise in conflict with each other.''

We think the foregoing analysis shows that the two sections are distinct and deal with different subjects. ■ We do not need to cite authorities to the elementary proposition that repeals by implication are not favored, nor do we need to question the contention of appellant that the latest valid expression of the legislative will on a given subject is controlling. The law relative to the repeal of statutes by implication is clearly set forth in 23 California Jurisprudence, page 691 et seq., and shows clearly that one section of the code will not be held repealed by a subsequent section making no mention of the prior section, unless there is an irreconcilable conflict. Here, as we have said, one section relates to the subject of budgeting, and as we have shown by an excerpt taken from subdivision 5 of the section relating to the budget, the court is the final arbiter of whether expenses incurred outside of the budget shall be paid by the county.

■ We think the cases which we have cited and the sections as we have analyzed them, demonstrate clearly that section 4307 of the Political Code stands unlimited by section 3714 of the Political Code; that both sections as we have interpreted them may be given full effect; and that the expenditures incurred by a sheriff under section 4307 of the Political Code, when approved by the board of supervisors, or upon a judgment of a court of competent jurisdiction, constitute a county charge; and that there is nothing in section 3714 of the Political Code operating as a bar to prevent payment.

Unless compelled thereto by the wording of the sections, the conclusion should not be drawn that the legislature intended that the detection and prosecution of thieves and murderers should be limited or stayed by a budget system relating to the ordinary business of a county—one section

relates to the transaction of civil business; the other has to do with criminal proceedings. This, we think, shows the line of demarkation between the purposes and subject matter of the two sections. The construction which we have given to the two sections does not award a district attorney or sheriff unlimited license in the expenditure of a county's money. The words "expenses necessarily incurred" appearing in the section make the trial court the final arbiter, and if so found, the county is liable.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1931.