Filed 2/11/16

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| EL DORADO COUNTY DEPUTY SHERIFF'S ASSOCIATION,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF EL DORADO et al.,<br><br>Defendants and Respondents. | C075615<br><br>(Super. Ct. No. PC20120637) |

APPEAL from a judgment of the Superior Court of El Dorado County, Warren C. Stracener, Judge.  Reversed in part and affirmed in part.

Mastagni, Holstedt, Amick, Miller & Johnsen, Mastagni Holstedt, Kathleen N. Mastagni Storm, and Jeffrey R.A. Edwards for Plaintiff and Appellant.

Wendi L. Ross, Acting General Counsel, and James E. Coffey, Regional Attorney, for Public Employment Relations Board as Amicus Curiae on behalf of Plaintiff and Appellant.

Renne Sloan Holtzman Sakai, Timothy G. Yeung, and Erich W. Shiners for Defendants and Respondents.

1

In 2011, defendant El Dorado County (the County) created a new classification (sheriff's security officer) for employees providing court perimeter security and placed the new classification in a general bargaining unit rather than the County's law-enforcement bargaining unit because the sheriff's security officers would not have peace officer authority. At the same time, the County deleted several positions (all of which were vacant) from the law-enforcement bargaining unit. One year later, plaintiff El Dorado County Deputy Sheriff's Association (the Association), the exclusive representative of the County's law-enforcement bargaining unit, demanded to bargain over the decision to create the new classification, even though the Association had actual notice of the decision before it was implemented. The County denied the Association's request to meet and confer.

The Association filed a petition for writ of mandate in the trial court, alleging that the County did not provide advance notice of the creation of the sheriff's security officer classification and violated its duty to meet and confer.[1] The petition also alleged that the County violated its own local rules. The petition sought restoration of the status quo existing before creation of the new classification, which would require the County to nullify its action more than a year after it was taken and presumably terminate the 11 sheriff's security officers already hired, so that the Association could demand to bargain over the decision and its effects.

The trial court found the County had no duty to bargain over the decision because the work assigned to sheriff's security officers is not work belonging to the law-

---

[1] The Public Employment Relations Board (PERB) is an independent state administrative agency created by the Educational Employment Relations Act. (Gov. Code, §§ 3540-3548) But labor disputes relating to peace officers, such as this dispute, are not subject to PERB jurisdiction. (Gov. Code, § 3511.) Nevertheless, we may look to PERB authority for guidance in addressing the issues in this case.

enforcement bargaining unit. The Association does not dispute this conclusion on appeal.[2]

The trial court also found that, while the County had a duty to bargain over the effects of the decision, which included loss of overtime opportunities for members of the Association, the Association waived its right to bargain over the effects of the decision because it had actual advance notice of the change before the change was made and did not make a demand to bargain.

On appeal, the Association contends that the trial court erred by finding that the Association waived its bargaining rights. It claims that the County was required to give advance notice not only of the decision but also of the reasonably foreseeable effects of the decision to create the sheriff's security officer classification. We conclude that the law does not require an employer to give advance notice of the reasonably foreseeable effects of the decision; instead, the employer must give advance notice only of the decision.

Finally, the trial court found that the County did not violate its own rules in deleting positions from the law-enforcement bargaining unit. The Association contends the trial court erred in making this finding. We agree that the County violated the local rule by failing to give notice to and consult with the Association before deleting the positions. Deletion of the law-enforcement bargaining unit positions must be invalidated so that the County can comply with the local rules.

---

[2]     This finding is not in dispute even though it is also undisputed that the effects of the decision included loss of overtime opportunities for members of the Association. This latter fact indicates that the work assigned to the sheriff's security officers was work that members of the Association previously performed to obtain overtime.

## TRIAL COURT RULING

The trial court filed an statement of intended decision, which became the statement of decision when the Association did not object. (Cal. Rules of Court, rule 3.1590.)

The trial court reached the following conclusions concerning the facts and law pertinent to this appeal:

- The duties of the new sheriff's security officer classification are not bargaining unit work belonging to the law-enforcement bargaining unit, which is represented by the Association.

- The County did not have a duty to bargain over the *decision* to assign court perimeter security duties to employees outside the law-enforcement bargaining unit.

- The County had a duty to provide reasonable notice and an opportunity to bargain over the *effects* of its decision to assign court perimeter security duties to employees outside the law-enforcement bargaining unit because the decision had a reasonably foreseeable effect on matters within the scope of bargaining (specifically, on overtime opportunities).

- Association president Todd Crawford discussed the establishment of the new sheriff's security officer classification in June 2011.

- An Association officer attended the County Board of Supervisors' meeting in August 2011, when the board adopted the resolution creating the sheriff's security officer classification.

- The Association did not make a demand to bargain over the *decision* until August 2012, one year after the new classification was established. The Association did not demand to bargain over the *effects* of the decision.

4

- The County's decision did not violate its own local rules when it deleted the vacant positions from the law-enforcement bargaining unit.

DISCUSSION

I

*Waiver of Bargaining Over Effects*

The Association contends the trial court erred because the County had a duty to give the Association notice, not only of the decision, but also of the foreseeable effects of the decision, to establish the sheriff's security officer classification. According to the Association, advance notice of the decision without specifying the foreseeable effects of the decision, was insufficient to support a finding that the Association waived its right to bargain concerning the effects of the decision. The contention is without merit because an employer has a duty to give notice only of the decision, not of the reasonably foreseeable effects of the decision.

"The [Meyers-Milias-Brown Act (MMBA)] applies to local government employees in California. [Citation.] 'The MMBA has two stated purposes: (1) to promote full communication between public employers and employees, and (2) to improve personnel management and employer-employee relations. (§ 3500.)[3] To effect these goals the act gives local government employees the right to organize collectively and to be represented by employee organizations (§ 3502), and obligates employers to bargain with employee representatives about matters that fall within the "scope of representation" (§§ 3504.5, 3505).' [Citation.] The duty to meet and confer in good faith is limited to matters within the 'scope of representation': the public employer and recognized employee organization have a 'mutual obligation personally to meet and confer promptly upon request by either party . . . and to endeavor to reach agreement on

---

**3** This and all remaining code citations, though not specified, are to the Government Code.

5

matters within the scope of representation prior to the adoption by the public agency of its final budget for the ensuing year.' (§ 3505.) Even if the parties meet and confer, they are not required to reach an agreement because the employer has 'the ultimate power to refuse to agree on any particular issue. [Citation.]' [Citation.] However, good faith under section 3505 'requires a genuine desire to reach agreement.' [Citation.]" (*Claremont Police Officers Assn. v. City of Claremont* (2006) 39 Cal.4th 623, 630 (*Claremont*), fn. omitted.)

The public employer's duty to bargain arises under two circumstances: (1) when the decision, itself, is subject to bargaining, and (2) when the effects of the decision are subject to bargaining, even if the decision, itself, is nonnegotiable. (*Claremont, supra,* 39 Cal.4th at p. 633-634.) Here, the trial court found that the County had a duty to bargain because the *effects* of the decision to create the new sheriff's security officer classification (decreased overtime opportunities for law-enforcement bargaining unit members) were subject to bargaining, and neither party asserts on appeal that the trial court's finding was erroneous.

If a public employer has a duty to bargain over either the decision or the effects of the decision to implement a change, then the employer must give notice to the employee organization so that it can make a demand to bargain. (*Public Employment Relations Bd. v. Modesto City Schools Dist.* (1982) 136 Cal.App.3d 881, 900.) "Failure by the [employee organization] to assert its bargaining rights after receiving notice of the proposed change in terms of employment constitutes waiver of its rights. (*Stockton Police Officers' Assn. v. City of Stockton* (1988) 206 Cal.App.3d 62.) Formal notice of a proposed change delivered to a union official is, of course, appropriate. Notice need not . . . be formal to be effective. When a union official with authority to act has actual notice of the intended change, together with adequate time to decide whether to demand negotiation before a final decision is made, the union will be deemed to have received adequate notice. (*Victor Valley Teachers Association v. Victor Valley Union High School*

6

*District* (Apr. 10, 1986) PERB Dec. No. 565 [10 PERC [para.] 17079].)"**4** (*San Diego Adult Educators v. Public Employment Relations Bd.* (1990) 223 Cal.App.3d 1124, 1136.)

In this case, we must address the nature of the notice given. Specifically, does the public employer have a duty to give notice only of the decision? Or must notice include a specification of the reasonably foreseeable effects of the decision? Here, the decision was to create the sheriff's security officer classification, and the effect was to decrease overtime opportunities for law-enforcement bargaining unit members represented by the Association. According to the trial court's findings, the Association had actual notice of the decision to create the sheriff's security officer classification, but the court did not find that the County gave notice that the decision would decrease overtime opportunities for the Association's members.

We conclude that statutory and decisional law requires notice only of the decision, not of the reasonably foreseeable effects of the decision.

Section 3504.5, subdivision (a) requires the public employer to give notice of "any ordinance, rule, resolution, or regulation directly relating to matters within the scope of representation proposed to be adopted by the governing body or the designated boards and commissions . . . ." The notice statute does not mention notice of the effects of the decision to adopt the ordinance, rule, resolution, or regulation.

PERB has held that "[t]he notice must be communicated in a manner which clearly informs the recipient of the proposed change." (*Victor Valley Union High School Dist.*, *supra,* PERB Dec. No. 565 at p. 5.) Thus, the required notice is of the decision to

---

**4** We "generally defer to PERB's construction of labor law provisions within its jurisdiction. [Citations.]" (*County of Los Angeles v. Los Angeles County Employee Relations Com.* (2013) 56 Cal.4th 905, 922.) As we explained in footnote 1, however, this case is not within PERB's jurisdiction. Although we need not defer to PERB here, we may consider PERB decisions and arguments to the extent they are persuasive.

make a change, not of the reasonably foreseeable effects of the decision on the bargaining unit.

PERB, in its amicus brief, argues unequivocally that the public employer need give advance notice only of the decision, not the reasonably foreseeable effects of the decision. PERB writes: "PERB precedent has consistently required that an employer provide notice to the employee organization [citation], which is 'reasonable,' 'clear and unequivocal,' and 'clearly inform[s] the [union] of the nature and scope of the proposed change.' [Citations.] [*County of Santa Clara* (2103) PERB Dec. No. 2321, which we discuss more fully below,] does not place any additional burden on the employer to identify the foreseeable effects of the proposed change, but to merely identify the 'nature and scope' of the non-negotiable decision . . . ."

PERB's interpretation is consistent, generally, with notice requirements in the law. Actual notice of a circumstance also apprises the recipient of foreseeable effects, especially when the recipient of notice is just as capable of perceiving the foreseeable effects as the giver. For example, actual notice of a dangerous condition may give the recipient of notice a duty to prevent a foreseeable harm. (See *Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 66 [actual notice of dangerous condition led to liability for reasonably foreseeable risks].)

The Association, however, argues that PERB, in *County of Santa Clara*, changed the law concerning notice of reasonably foreseeable effects. As noted, PERB denies that position, and the language of the *County of Santa Clara* decision does not support the Association's argument.

In *County of Santa Clara*, PERB considered whether an employee organization must first demand to bargain over the effects of a decision when the decision, itself, is nonnegotiable, even if the public employer did not give notice before implementing the decision. PERB concluded that, "[o]nce an employer takes unilateral action on a matter in which the decision is within the scope of bargaining, the union is excused from

8

demanding to bargain over that fait accompli." (*County of Santa Clara, supra,* PERB Dec. No. 2321 at p. 24.)  And, "the same principle applies equally to the situation where the union is presented with a unilateral, unnoticed imposition of a management decision over which only effects are negotiable."  (*Ibid.*)

In its amicus brief, PERB characterizes the holding of *County of Santa Clara* as follows:  "[W]hen an employer implements a non-negotiable policy with foreseeable negotiable effects without fulfilling its duty to provide prior notice to the union and an opportunity to bargain, the union is no longer required to make a post-implementation bargaining demand before it can access PERB to seek enforcement of its rights through a bargaining order."

We generally defer to PERB decisions (*County of Los Angeles v. Los Angeles County Employee Relations Com., supra,* 56 Cal.4th at p. 922), but in this case giving deference to PERB's *County of Santa Clara* decision does not affect the outcome because, unlike the union in *County of Santa Clara*, the Association had actual notice of the decision to create the sheriff's security officer classification before that decision was implemented.

The Association disagrees with PERB's interpretation of *County of Santa Clara*. It claims that *County of Santa Clara* requires the public employer to give advance notice of the decision and also the reasonably foreseeable effects of the decision.  To support this position, the Association quotes *County of Santa Clara*, which concluded that "the employer violated its duty to bargain in good faith by unilaterally [implementing a non-negotiable decision] without giving [the union] prior reasonable notice and an opportunity to bargain over the reasonably foreseeable effects within the scope of representation of this non-negotiable decision."  (*County of Santa Clara, supra,* PERB Dec. No. 2321 at p. 32, fn. omitted.)

Contrary to the Association's assertion, this language does not create a new duty on the part of the public employer to give notice of the reasonably foreseeable effects.

9

Instead, the public employer has a duty to give notice of the decision, which notice gives the employee organization the opportunity to demand to bargain over the reasonably foreseeable effects of the decision. In *County of Santa Clara*, the public employer gave no notice at all. Therefore, the nature of the notice, itself, was not before PERB in that case.

Despite the fact that *County of Santa Clara* does not require notice of reasonably foreseeable effects, PERB, in its amicus brief, argues that we must reverse and remand on this issue. But we disagree.

The focus of PERB's amicus brief is that the trial court erred by not deferring to PERB's decision in *County of Santa Clara*. Indeed, the trial court misinterpreted *County of Santa Clara* as requiring the public employer to give advance notice of the reasonably foreseeable effects of a nonnegotiable decision. The court refused to defer to *County of Santa Clara* because the court perceived that this PERB decision overturned precedent that actual notice to the employee organization satisfies the public employer's duty to give notice even when formal notice was not given. But that was not the holding of *County of Santa Clara*; it did not deal with the form of notice. It dealt with a situation in which no notice at all was given, either formal or actual. Even though we conclude the trial court misinterpreted *County of Santa Clara*, a trial court's errors of reasoning as to the law are harmless and do not require reversal if the result was correct. (Cal. Const., art. VI, § 13; see also *Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.)

PERB asks this court to "reverse the decision of the Trial Court and defer to the Board's decision in *County of Santa Clara*. Reversal is necessary to prevent conflicting judicial and PERB decisions regarding interpretation of the MMBA." What PERB does not consider in its amicus brief, however, is whether, even deferring to *County of Santa Clara*, the judgment (as opposed to the reasoning) of the trial court was correct. We conclude that deferring to *County of Santa Clara* does not require a result different from

10

the result reached by the trial court.  Therefore, the issue of proper deference to a PERB decision does not affect the outcome in this case and is immaterial on appeal.

In summary, we conclude that the County did not have a duty to give notice to the Association of the reasonably foreseeable effects of the decision to create the new sheriff's security officer classification.  Because the trial court concluded that the County gave the Association advance notice of the decision to create the sheriff's security officer classification, the court did not err by concluding that such notice was sufficient under the circumstances of this case.

## II

### *Compliance with Local Rules*

The Association contends that the County violated its own local, labor relations rule by deleting positions in the law-enforcement bargaining unit without giving notice to and consulting with the Association.  The Association further contends that, because the County violated its own rule, the appropriate remedy is to direct the County to restore the sheriff sergeant and deputy sheriff positions deleted from the law-enforcement bargaining unit and to eliminate the sheriff's security officer positions created in the general bargaining unit.  While we agree that the County violated its own rule, we conclude that the appropriate remedy is to restore the positions deleted from the law-enforcement bargaining unit and direct the County to proceed according to law.[5]

Two resolutions of the County's board of supervisors are at issue in this case. Resolution No. 145-2011 created the sheriff's security officer classification and placed it

---

[5]     The trial court did not find that the Association had actual advance notice of the decision to delete positions from the law-enforcement bargaining unit.  In opposing the relief sought by the Association, the County argued in the trial court that there was no violation of the local rules because those positions were vacant, existing only on paper. The County does not renew on appeal its contention that, because the positions were vacant, deletion of the positions from the law-enforcement bargaining unit complied with the local rules.

in a general bargaining unit. And resolution No. 146-2011 changed the allocation of positions in three classifications. Resolution No. 146-2011 (1) reduced the number of sheriff sergeant positions from 26 to 25.5; (2) reduced the number of deputy sheriff positions from 129 to 124; and (3) increased the number of sheriff's security officer positions from 0 to 11. The sheriff sergeant and deputy sheriff positions are in the law-enforcement bargaining unit represented by the Association.

The County's local rules concerning employee relations include two provisions relevant to this appeal.

Section 8 of county resolution No. 10-83 states, in pertinent part: "The [County] shall, *after notice and consultation with affected employee organizations*, allocate new classifications or positions, *delete eliminated* classifications or *positions*, and retain, reallocate or delete modified classifications or positions from units in accordance with the provisions of this section." (Italics added.)

Section 2(d) of the same resolution defines " 'Consult/Consultation in Good Faith.' " It "means to communicate orally or in writing for the purpose of presenting and obtaining views or advising of intended actions; and, as distinguished from meeting and conferring in good faith regarding matters within the required scope of such meet and confer process[,] does not involve an exchange of proposals and counter-proposals in an endeavor to reach agreement . . . ."

As a result of these local rules, the County had a duty to give notice to and consult with the Association before deleting the sheriff sergeant and deputy sheriff positions from the law-enforcement bargaining unit. There was no duty to meet and confer or exchange proposals. In other words, there was no duty to negotiate.

The County did not give notice to and consult with the Association before it deleted the positions from the law-enforcement bargaining unit. Therefore, it violated the plain meaning of the local rule. And it also violated section 3507.1, subdivision (a), which requires a local public agency to follow its own rules.

12

But the County claims it did not violate the local rule because (1) the local rule did not require notice and consultation, (2) the MMBA does not require the County to meet and confer under these circumstances, and (3) a consultation requirement interferes with the authority of the board of supervisors over the County's budget. None of these arguments has merit.

First, the County acknowledges that section 8 of resolution No. 10-83 "requires notice and consultation only when the County proposes to modify a bargaining unit by, among other things, deleting classifications or positions from an existing unit." However, it claims it did not delete positions from the law-enforcement bargaining unit. Instead, it merely reallocated funds. This argument flies in the face of the actual resolution, which reduced the number of sheriff sergeant and deputy sheriff positions.

Second, the County's assertion that the MMBA does not require the County to meet and confer over the deleted positions misses the point. The County violated its own rule, which violation is also a violation of the MMBA. (§ 3507.1.)

And third, the local rule requiring notice and consultation does not interfere with the authority of the board of supervisors over the County's budget. It merely gives the Association the opportunity to argue against the change; it does not require the County to negotiate.

Having concluded that the County violated its own local rule by failing to give notice to and consult with the Association about deleting the positions from the law-enforcement bargaining unit, we turn to the remedy. Not surprisingly, the parties also disagree on this question.

The Association contends that we must invalidate the resolutions, with the effect of not only restoring the deleted positions in the law-enforcement bargaining unit that had been vacant, but also retroactively eliminating the sheriff's security officer positions – positions now held by County employees. On the other hand, the County contends that we cannot order a remedy because it would either violate the separation of powers

13

doctrine or interfere with the County's management rights.  Neither contention has merit.  The only appropriate remedy is to undo the deletion of the law-enforcement bargaining unit positions and require the County to proceed according to law.

The County's violation of its local rule is not a violation of a meet-and-confer requirement.  The County had no duty to confer or negotiate, only to give notice and consult – that is, allow the Association to argue against the changes.  But the cases the Association cites to bolster its argument that we must invalidate both resolutions are meet-and-confer cases in which the public agency was required to negotiate with the employee association.  (See, e.g., *Oakland Unified School Dist. v. Public Employment Relations Bd.* (1981) 120 Cal.App.3d 1007, 1014-1015; *Vernon Fire Fighters v. City of Vernon* (1980) 107 Cal.App.3d 802 (*Vernon Fire Fighters*).)  We recognize that, in *Vernon Fire Fighters*, the Court of Appeal held that there was no essential difference between a local rule that required the local public agency to " 'meet and consult' " and one that requires the agency to " 'meet and confer.' " (*Id*. at pp. 820-821.)  However, in the local rules at issue here, consultation is defined only to require the County to allow the Association to present its views, "and, as distinguished from meeting and conferring in good faith regarding matters within the required scope of such meet and confer process[,] does not involve an exchange of proposals and counter-proposals in an endeavor to reach agreement . . . ."  Therefore, the cases cited by the Association do not provide authority for the circumstances of this case, in which there was no meet-and-confer requirement.

In the meet-and-confer cases cited by the Association, it was important to restore the status quo ante so that the parties could begin negotiations in the same position they would have been in if the violation had not occurred.  Here, on the other hand, there is no requirement to negotiate.  As to creating the sheriff's security officer positions in the general bargaining unit, the County had no duty even to give notice to and consult with the Association under the local rule, and, in any event, the Association had notice.  As to

14

deleting the law-enforcement bargaining unit positions, the County had a duty to give the Association notice and allow the Association to make arguments against the change, which the County did not do. Since the MMBA requires compliance with local rules, the commonsense, legally supportable remedy is to invalidate the action that violated the local rule – deletion of the law-enforcement bargaining unit positions – and direct the County to proceed according to law.

The County's separation of powers argument is not well taken. The County claims that directing it to restore the deleted positions would affect the County budget; therefore, we cannot make that order. In support of this proposition, the County primarily cites *County of Butte v. Superior Court* (1985) 176 Cal.App.3d 693 (*County of Butte*). In *County of Butte*, a county board of supervisors drastically reduced the sheriff's budget, requiring elimination of many deputy positions. The sheriff sued the county, and the trial court granted a preliminary injunction preventing the county from taking the legislated action. (*Id.* at pp. 695-696.) On review, we reversed the preliminary injunction because the sheriff had no possibility of prevailing on the merits. (*Id.* at p. 697.) Concerning separation of powers, we noted that the county board of supervisors has legislative authority over the county budget and the staffing of the sheriff's department. As a result, the board of supervisors' legislative decision was beyond the power of the courts. (*Id.* at pp. 698-699.)

*County of Butte* does not support the County's position because we are not attempting to dictate legislation but instead are merely enforcing the manner in which the County is permitted (by its own rules, in this instance) to legislate. Under the local rules, the County is required to give notice to and consult with the Association before deleting positions within the law-enforcement bargaining unit. In *County of Butte*, the point was that the courts cannot make legislative determinations for the county; here, we are concerned with whether the County proceeds according to law.

15

The County's argument that we cannot require it to restore the deleted law-enforcement bargaining unit positions because it would interfere with the County's "management right" is also not well taken. As the County explains, and in its own words, "[t]he MMBA . . . allows a public agency employer to determine the appropriate composition of its bargaining units, subject to any limitations in its local rules. (Gov[.] Code § 3507.1; [citation]." Applied to the circumstances of this case, the County had the right to delete positions from the law-enforcement bargaining unit, subject to any limitations in the County's local rules, including the requirement to give notice to and consult with the Association before deleting the positions.

Having established that it has a management right to delete positions, the County argues that, if it violates local rules in the process, the proper remedy is not to undo the action but instead, in the County's words, "to order the County to consult with [the Association], upon request, over the effects of the deletion of those positions." The County also argues that a limited award of backpay is available in some circumstances but not here because the deleted positions were already vacant.

The authority the County cites for its proposed remedy is inapplicable under the circumstances of this case. In *Highland Ranch v. Agricultural Labor Relations Bd.* (1981) 29 Cal.3d 848 (*Highland Ranch*), the Supreme Court held that the proper remedy for an employer's failure to negotiate with a labor union before shutting down its business (by selling the ranch) was to not only bargain over the effects of the shutdown but also to pay the employees during that bargaining period in order to restore some of the bargaining power lost when the employer unilaterally shut down. (*Id*. at pp. 862-866.) This creative remedy was necessary because the employer's action could not be undone (*id*. at p. 863), not because the employer had exercised some inalienable management right.

16

Here, on the other hand, restoring the deleted law-enforcement bargaining unit positions is possible. Therefore, we need not invoke the extraordinary remedy discussed in *Highland Ranch*.

There is no impediment, therefore, to an order invalidating the action that violated the local rule – deletion of the vacant law-enforcement bargaining unit positions – and directing the County to proceed according to law.

One final matter requires our attention:

The Association argues that we should direct the County to distribute notice to the Association's members that the County violated the law in deleting the law-enforcement bargaining unit positions. For this proposition, the Association cites no statute or rule but instead several PERB decisions. While, as noted above, we generally defer to PERB decisions (*County of Los Angeles v. Los Angeles County Employee Relations Com.*, *supra,* 56 Cal.4th at p. 922), this is not a matter of interpreting a provision of the Government Code, including the MMBA, applicable to the County and the Association.

The PERB decision cited by the Association involved a violation of a meet-and-confer requirement and included this passage, which the Association quotes in its brief: " 'It is the ordinary remedy in PERB cases to order that the party found to have committed an unfair practice to [*sic*] post a notice incorporating the terms of that order. Posting of such notice informs employees of the resolution of the matter and of the employer's readiness to comply with the ordered remedy.' (*City of Selma* (2014) PERB Decision No. 2380-M, p. 26 [39 PERC ¶ 11], [citation].)"

Since this is not a "PERB case[]," and the Association provides no statute or rule requiring this notice, we decline to order it. In any event, we conclude that a posting requirement in this case would not benefit the parties or further the purposes of the MMBA because no actual employees were affected by the decision to delete vacant positions.

DISPOSITION

The part of the order concerning deletion of the vacant law-enforcement bargaining unit positions is reversed with directions to enter a new order invalidating the County's deletion of the vacant law-enforcement bargaining unit positions and directing the County to proceed according to law and consistent with this opinion.  In all other respects, the order is affirmed.  The parties will bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


                                             NICHOLSON        , Acting P. J.



We concur:



        MAURO            , J.



        DUARTE           , J.


18